WESTERN POCAHONTAS CORPORATION v. ACORD et al.

(Circuit Court, S. D. West Virginia. April 21, 1910.)

COURTS (§ 264*)—FEDERAL COURTS OF EQUITY—JURISDICTION—ISSUANCE OF FIERI FACIAS.

    Rev. St. 716 (U. S. Comp. St. 1901, p. 580), which provides that the federal courts shall "have power to issue all writs not specifically provided for by statute which may be necessary for the exercise of their respective jurisdictions and agreeable to the usages and principles of law," confers authority on a federal court of equity to direct the issuance of a fieri facias for the purpose of enforcing the payment of any costs that may be decreed, notwithstanding the decree may dispose of matters other than a money demand.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 801; Dec. Dig. § 264.*]

In Equity. · Suit by the Western Pocahontas Corporation against Abraham Acord and another. On motion to quash execution. Motion denied.

Arthur English, for the motion.

J. Lewis Bumgardner, opposed.

PRITCHARD, Circuit Judge. This is a motion to quash a writ of execution issued by the clerk of the Circuit Court for the purpose of collecting costs decreed to be due complainant.

It is insisted by counsel for movant that a court of equity has no power, except in certain cases, to authorize by decree the issuance of a fieri facias. It is contended that, inasmuch as a fieri facias is a common-law writ, it cannot be issued for the purpose of enforcing the collection of costs in an equity cause; that under the chancery practice of England at the time of the enactment of our judiciary act the decrees of a court of chancery could only be enforced by proceeding in personam, and that with the exception of rule 8 of the Supreme Court of the United States as amended by rule 90, a court of equity is without power to direct the issuance of a fieri facias; that a fieri facias can only be issued where the decree is purely for a money demand, and that, in this instance, the decree not only provides for the collection of costs, but also decrees the complainant to be the owner of the land involved in the controversy, and enjoins the defendant from further interfering with the possession of the complainant.

Sections 2197 and 2198 of Street's Federal Equity Practice contain the following as to the rule by which federal courts are governed in this respect:

"Sec. 2197. Writ of Fieri Facias Adopted in English Chancery.—Prior to 1838 the English Court of Chancery had no power to grant the ordinary· writ of fieri facias even in the case of a money decree; and the payment of money could be enforced, like other decrees, only by process of contempt, followed by imprisonment and sequestration of property, as will presently be explained. But by a statute passed in that year, and by orders of the English chancery made to carry out the provisions of that statute, it became permissible for the Court of Chancery to issue the writ of fieri facias against the defendant's goods and chattels, and the writ of elegit to extend all his real property, if necessary.

"Sec. 2198. Writ of Fieri Facias in Federal Courts of Equity.—The example thus set in England was presently followed in the federal courts, for by equity rule 8, adopted in 1842, it was provided that the final process to execute a decree for the payment of money might be by writ of execution, in the form used in the Circuit Court in suits at common law in actions of assumpsit. This rule makes the common-law writ of execution available in the court of equity in the same manner and under the same conditions as it is available in courts of law; and it will be noted that under our practice the writ of execution is available against the real property of the defendant, and the process against such property is not limited to the use of a writ of elegit, as in the English practice under the act of 1838."

At the bottom of page 1296 of Street's Federal Equity Pratice will be found note 4, which reads as follows:

"* * * Though the rule provides for the use of the writ of execution· where the decree is 'solely for the payment of money,' it is to be understood as authorizing the court to order the issuance of such writ to enforce any money decree, although the decree contains other orders and provisions than such as provide for the payment of money. And at any rate the court

must probably be understood to have power to grant the writ of fieri facias as being a writ now conformable to the usage and practice of the courts and necessary to the exercise of its jurisdiction, as contemplated in section 716, Rev. St."

Section 716 of the Revised Statutes (4 Fed. St. Ann. p. 498; U. S. Comp. St. 1901, p. 580), provides as follows:

"The Supreme Court and the Circuit and District Courts shall have power to issue writs of scire facias. They shall also have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

This statute is broad and comprehensive, and undoubtedly vests the courts of the United States with—

"power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

The Supreme Court of the United States has recognized that the federal courts have the power to issue the writ of fieri facias. In the case of Story v. Livingston, 13 Pet. 357, 10 L. Ed. 200, the Supreme Court recognized the authority of a court of equity to enforce its decree by a writ of fieri facias. In that case the court, after determining the questions involved therein, ordered:

"And this court doth further order, adjudge, and decree that the defendant do pay the costs in this court upon this appeal, and the costs of the reversal of the decree of the said Circuit Court by this court, at its January term, 1837, and also such costs on the proceedings in the said Circuit Court in this cause, as the said Circuit Court shall tax and order to be paid, and that the said Circuit Court do issue execution therefor."

But what the court did in that case cannot be said to be determinative of the question involved here. Notwithstanding the limitations contained in equity rules 8 and 90, to which I have referred, I am of opinion that section 716 of the Revised Statutes gives this court ample authority in cases like the one at bar to direct the issuance of a fieri facias for the purpose of enforcing the payment of any costs that may be decreed, notwithstanding the decree may dispose of matters other than a money demand. This is so from the very nature of things; otherwise, a court of equity in many instances would be powerless to enforce its decrees.

I have carefully considered the well-prepared brief filed by the movant, but am inclined to the opinion that the cases cited are not controlling, in so far as the question involved in this controversy is concerned. For the reasons stated, the motion will be denied, and the marshal will take such steps as may be necessary to enforce the process of the court.

Denied.